PER CURIAM:
Claimant brought this action for damage to his 1996 Pontiac Grand Am. The incident occurred on County Route 11 near Reynoldsville, Harrison County, when claimant’s vehicle struck a large hole on the edge of the road. This portion of road is maintained by the respondent in Harrison County. The Court is of the opinion to make a comparative award for the reasons stated more fully below.
County Route 11 is a second priority two-lane blacktop road with double yellow lines and white edge lines. It is approximately sixteen to eighteen feet wide. The incident giving rise to this action occurred on July 28,2000, at approximately 12:00 p.m. The claimant was traveling from his home in Reynoldsville to a friend’s home. He was driving his vehicle between thirty-five to forty-five miles per hour. The speed limit at this location is thirty-five miles per hour. Claimant was topping a small hill when an oncoming vehicle approached him with its high beam lights on. The oncoming vehicle crossed the center line forcing the claimant to maneuver his vehicle to the right and partially onto the berm of the road. The right side tires struck the hole causing significant damage. Claimant was familiar with the road and testified that he traveled it almost daily. He knew the hole was present, but due to the oncoming vehicle’s high beams he was not able to see its exact location. He also had to react quickly to avoid the oncoming vehicle. As a result, claimant’s vehicle sustained damage to the right front tire, rim, wheel bearing, the front strut assembly, and the right side control arm. *41 Claimant submitted a repair estimate in the amount of $1,319.27. However, not all repairs were made by the dealership which provided the estimate. Claimant testified that he did not have the left control arm repaired which was estimated at a cost of $127.75, but he did replace the right control arm at a cost of $125.00. He also purchased a right front wheel bearing at a cost of $80.00 instead of the $290.85 which was the estimated amount. Therefore, claimant seeks to recover his out-of-pocket expenses of $1,078.37. The claimant carried liability insurance only.
Claimant contends that respondent knew or should have known of such a large hole on County Route 11 and that it should have taken adequate measures to repair this hole. Claimant submitted photographs in evidence which depict a large hole extending from the berm area and slightly onto the white line. These photographs also establish that the hole was approximately six inches deep and at least five feet in length. Claimant asserts that these facts are indicative that the hole has been present long enough that the respondent should haye made adequate repairs.
Respondent’s position is that it did not have notice of this hole nor did it'have adequate time to make repairs. Respondent also asserts that the claimant knew of this hole and was familiar with the road, and, therefore, he should have been able to avoid it.
William H. Wyckoff, Assistant Superintendent of Highway Maintenance in Harrison County, is responsible for the maintenance of highways in Harrison County. He testified that he had no complaints about this particular hole until after the incident which is the subject of this claim. Mr. Wyckoff stated that berms are repaired with “berm rock”. It is his opinion that this particular hole was probably caused by traffic coming in and out of the parking lot located to the right of the damaged berm. He stated that traffic will kick the rock back out when vehicles pull in and out of the driveway. However, Mr. Wyckoff admitted that this hole was clearly within the State’s right of way. He or a member of his crew travel this portion of County Route 1 lat least twice a week. He also admitted that in traveling this road it is probable that one of his employees was likely to see this hole. He stated that the hole is not very visible until a driver is right upon it due to the fact that it is located on the crest of a hill.
The law is well established in this State that the respondent is neither an insurer nor a guarantor of the safety of motorists on its roads or highways. Adkins v. Simms, 46 S.E.2d 811 (W.Va. 1947). To hold the respondent liable for a road defect of this nature, the claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect and a reasonable amount of time to make repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Hamon v. Dept. of Highways, 16 Ct. Cl. 127 (1986), The Court is of the opinion that a hole of this size would develop over a significant period of time, especially given the fact that this incident occurred late in the summer. Furthermore, respondent’s employees travel this portion of road and pass the hole at least twice a week and should have made adequate repairs. The Court is of the opinion that respondent had constructive notice of this hazard and a reasonable amount of time to make repairs. However, the Court is also of the opinion that the claimant was 20 percent at fault in failing to exercise due care as he was driving too fast for the conditions then and there existing at the time of this incident.
In accordance with the above, the Court hereby makes an award in the amount of $862.70 reflecting 80 percent of the claimant’s damages.
Award of $862.70.